UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREOLOGY, INC., <br><br> Opposer, <br><br> v. <br><br> LAGREE TECHNOLOGIES, INC., <br><br> Applicant. | CASE NO. 18-5023 BHS <br><br> ORDER GRANTING MOTION TO COMPEL |

This matter comes before the Court on Defendant/Applicant Lagree Technologies, Inc.'s ("Lagree") motion to compel. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 1, 2018, Lagree filed the instant motion requesting an order compelling Ronald A. Shafii ("Shafii") to produce material responsive to Lagree's subpoena. *Id.* On November 20, 2018, Shafii responded. Dkt. 9. On November 30, 2018, Lagree replied. Dkt. 15. On February 18, 2019, the Court requested a joint status report specifically identifying the documents in dispute. Dkt. 18. On March 8, 2019, the

parties filed a report informing the Court that the lone dispute was the documents identified in the accompanying privilege log. Dkt. 20. The log consists of documents that Shafii asserts are protected by the attorney-client privilege, the work-product privilege, the joint defense privilege, and the common interest privilege. *Id.* at 5–9. The parties believe that the issues have been fully briefed but will provide additional material if requested. *Id.* at 3.

On April 8, 2018, the Court requested supplemental briefing providing Shafii an additional opportunity to present specific facts in support of the claimed privileges. Dkt. 21. On April 19, 2019, Shafii responded. Dkt. 22. On April 26, 2019, Lagree replied. Dkt. 25.

## II. DISCUSSION

### A. Attorney-Client Privilege

In Shafii's privilege log, he asserts attorney-client privilege over every document regardless of whether he was included in the communication. Dkt. 20 at 5–9. In the order requesting supplemental briefing, the Court questioned this blanket assertion. Dkt. 21 at 2. Shafii responds that (1) the communications that include Shafii "specifically fall within the common interest privilege as it relates to attorney/client communications" and (2) the privilege was asserted "in the interest of caution" over communications that do not include Shafii. Dkt. 22 at 9–10. Regarding the former response, the attorney-client privilege has eight essential elements, *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989), and "[t]he party asserting the privilege bears the burden of proving each essential element," *United States v. Ruehle*, 583 F.3d

600, 608 (9th Cir. 2009) (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). "The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (citing *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)).

Shafii utterly fails to meet his burden to establish that the communications in which he was involved are entitled to the attorney-client privilege. He simply relies on the fact that the communications involved him and his lawyers. That argument has been rejected, *Martin*, 278 F.3d at 999, and does not establish the eight elements for each document withheld. Therefore, the Court concludes that Shafii failed to meet his burden as to the documents or communication in which he was involved.

Regarding his assertion of the privilege over communications in which he was not involved, Shafii presents an argument wholly without merit. He argues that he asserted the privilege "in the interest of caution" because communications that originally would not be covered by the privilege could be covered by the privilege as an extension of the common interest or joint defense privilege. Dkt. 22 at 9–10. He cites no authority for this proposition, and it is highly unlikely that any exists such that a communication that is not between an attorney and his client is protected by the attorney-client privilege *solely* because it is shared with a party that has a common interest in the proceeding. Therefore, the Court rejects Shafii's assertion of the attorney-client privilege.

**B.      Work-Product**

"The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his

representative in anticipation of litigation.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) (quoting *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)).

In this case, Shafii asserts that every document identified in his privilege log is protected by the work product doctrine. Dkt. 22 at 6–8. The problem with Shafii's argument is that he fails to establish that his joint communications with Coreology's attorneys is work product in anticipation of or in preparation for *his* litigation. For example, all the communications could discuss strategies for Coreology to defeat Lagree in the trademark proceeding, which would seem to make the content of the communications irrelevant to Lagree's misappropriation suit against Shafii. Without facts establishing what he or his counsel prepared in anticipation of his litigation, he fails to meet his burden to show that the work product doctrine applies to the withheld documents. Therefore, the Court finds that Shafii's assertion of the work product doctrine is also unsupported by the record.

**C.      Common Interest or Joint Defense**

"Rather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). Shafii must establish that the communications were "part of an on-going and joint effort to set up a common defense strategy." *In re Imperial Corp. of Am.*, 167 F.R.D. 447, 455 (S.D. Cal. 1995), *aff'd*, 92 F.3d 1503 (9th Cir. 1996). "It is not sufficient that attorneys for different clients possess

'a shared desire to see the same outcome in a legal matter.'" *Chandola v. Seattle Hous. Auth.*, C13-557-RSM, 2014 WL 4685351, at *8 (W.D. Wash. Sept. 19, 2014) (quoting *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012)).

In this case, Shafii has hired two separate attorneys. Alyosha McClain declares that she represents Shafii in opposing multiple subpoenas Lagree has served on him, two of which are the instant subpoena and a similar one from the trademark action pending in Oregon. Dkt. 23, ¶ 3. Matthew Wolf declares that he represents Shafii in the misappropriation action in California. Dkt. 24, ¶ 3. Regarding Alyosha McClain, she declares that Shafii and Coreology had a common interest in preserving the evidence at issue and responding to the subpoena Lagree served. But Shafii is an unnecessary third party in the trademark matter, and he fails to show any legal interest in Coreology's attempt to deregister Lagree's trademarks. Other than a potential personal interest in an adverse ruling against Lagree, which sued Shafii in California, he fails to establish that deregistration of Lagree's marks will have any legal ramifications for him. Thus, he has established at most a common desire to see Lagree lose its intellectual property rights, which fails to warrant a finding of a common legal interest or joint defense.

Regarding Matthew Wolf, Shafii similarly fails to establish a common legal interest between defense of the misappropriation claims and the trademark action. While it could be that deregistration of the trademarks would dispose of hypothetical claims of misappropriating intellectual property, Shafii fails to inform the Court of the exact basis for the California action. Thus, Shafii has failed to establish a common legal interest

between the trademark action and the California action, and he is not entitled to assert this privilege.

**D.    Deferral**

Shafii argues that the Court should defer the matter to the Trademark Trial and Appeal Board ("TTAB").  Dkt. 9 at 11–12; Dkt. 22 at 11.  Shafii, however, fails to provide any authority for such a deferral.  On the other hand, Lagree provides authority for the proposition that the TTAB lacks authority to modify or quash a subpoena issued by a district court.  Dkt. 15 at 7 n.18 (citing TBMP 404.03(a)(2); *Dan Foam Aps v. Sleep Innovations Inc.*, 106 USPQ2d 1939, 1942 n.4 (TTAB 2013)).  To the extent that Shafii fails to provide any authority or reasonable argument to support his position, the Court declines to defer the matter to the TTAB.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Lagree's motion to compel, Dkt. 1, is **GRANTED**.  The Clerk shall close this case.

Dated this 10th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge